IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CROWN DISTRIBUTING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| PEACEFULL CHOICE | § | No. 3:20-cv-3404-K |
| DISTRIBUTION LLC, TERRY | § | |
| VICKERY, CANNA-WEALTH | § | |
| ELEVATION LLC, and ISLAND | § | |
| CONSULTING INC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Crown Distributing LLC ("Crown") filed motions for default judgment against Canna-Wealth Elevation LLC ("CWE") [Dkt. No. 66] and Island Consulting Inc ("Island") [Dkt. No. 67]. United States District Judge Ed Kinkeade has referred these motions to the undersigned magistrate judge *See* Dkt. No. 86.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court grant default judgment as to Plaintiff's breach of contract claim against CWE and deny default judgment as to the rest of Plaintiff's claims against CWE and Island.

**Background**

This case concerns an oral contract between Crown and CWE to source and provide hemp. Dkt. No. 51 at 6. CWE represented to Crown that it could source and

provide hemp of the quality Crown specified. *See id.* at 5. CWE represented that Peacefull Choice Distribution LLC ("Peacefull Choice") would be the supplier of the hemp. *See id.* at 6. Crown performed under the oral contract by paying $105,000.00 to Peacefull Choice for the hemp. *See id.*

Peacefull Choice was not the true supplier of the hemp. *See id.* Peacefull Choice paid Island $50,000.00 to supply hemp for this transaction. *See id.* Peacefull Choice also paid $25,000.00 to CWE. *See id.* at 7.

When the hemp arrived at Crown's facilities, it was of inferior quality to that which Crown specified to CWE. *See id.* Crown rejected the goods. *See id.* Despite attempts to resolve the matter and supply Crown with hemp of appropriate quality, Crown never received hemp that complied with its specifications. *See id.* Eventually, Crown demanded return of its funds, which each Defendant refused. *See id.* at 8.

Crown filed suit against Peacefull Choice, Terry Vickery, CWE, and Island ("Defendants") on November 13, 2020. Dkt. No. 1. CWE waived service on January 13, 2021. *See* Dkt. No. 10. Island was served on January 13, 2021. *See* Dkt. No. 12.

The Clerk of Court made an entry of default as to Island on February 12, 2021 and as to CWE on April 8, 2021. *See* Dkt. Nos. 14 & 22.

CWE and Island appeared in the action through an attorney on March 15, 2021.

Crown filed its Third Amended Complaint on December 2, 2021.

Crown then filed these motions for default judgment against CWE and Island. CWE and Island were provided with notice of the application for the default judgment on August 19, 2022.

## Legal Standard

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an

affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers,* 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should

also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

### I.    The Court has subject matter jurisdiction and personal jurisdiction.

Crown has shown that there is jurisdiction over the subject matter and the parties. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees. Crown is a limited liability company whose sole member is a citizen of Texas. CWE is a limited liability company whose two members are both citizens of Connecticut. Island is a corporation incorporated in California and with its

principal place of business in California. Peacefull Choice is a limited liability company whose sole member is Vickery, a citizen of Colorado.

This Court has personal jurisdiction over Crown, CWE, Vickery, and Peacefull Choice, but the Court may not have personal jurisdiction over Island. "[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

CWE contracted with Crown, who was to perform the contract in Texas. *See* Tex. Civ. Prac. & Rem Code § 17.042. Vickery and Peacefull Choice sent the nonconforming hemp to Crown in Texas and also received payment for that hemp. This suit arises out of those contacts with Texas.

But Crown's pleadings do not make clear whether Island had contacts with Texas. Crown claims that "Defendants Peacefull Choice and Island Consulting offer for sale and sell hemp materials to Texas residents." *See* Dkt. No. 51 at 5. It seems equally likely from the pleadings that Island sold hemp to Peacefull Choice who sold hemp to Crown, as it does that Peaceful Choice and Island sold hemp to Crown in concert with each other. And so, even taking Crown's well-pleaded allegations as true, Crown may not adequately show that this Court has personal jurisdiction over Island. *See Air Vent, Inc. v. Powermax Elec. Co., Ltd.*, No. 3:22-cv-516-B, 2023 WL 319946, at *3-*4 (N.D. Tex. Jan. 19, 2023) (discussing governing law regarding whether a non-

resident defendant purposefully availed itself with Texas and should have reasonably anticipated being haled into court here).

The undersigned will still analyze Crown's claims against Island to assess whether they support a finding of default judgment as plead.

## II.    The procedural requirements for default judgment have been met.

Crown has satisfied the prerequisites for entry of default judgment against CWE and Island. CWE waived service and also Island was served on January 13, 2021. *See* Dkt. Nos. 10 and 12. The Clerk of Court made an entry of default as to Island on February 12, 2021 and as to CWE on April 8, 2021. *See* Dkt. Nos. 14 and 22. Neither CWE nor Island is a natural person, and therefore neither can be a minor, incompetent person, or in military service.

CWE and Island, who appeared in the action on March 15, 2021, were provided with notice of the application for the default judgment on August 19, 2022, although there was no hearing.

## III.    Crown's claim for breach of contract against CWE supports default judgment but the rest of its claims do not.

The Court takes as true the facts asserted by a plaintiff against a defaulting defendant. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). The defendant, by its default, admits the plaintiff's well-pleaded allegations of fact. *See id.*

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards

-7-

governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

"Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. (8)(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up)).

The Court should grant default judgment as to Crown's breach of contract claim against CWE and deny default judgment as to the rest of Crown's claims against CWE and Island. The undersigned will address each count in turn.

### A. Breach of Contract against CWE

The count for breach of contract against CWE supports a finding of default judgment. Under Texas law, "[t]he elements of a claim for breach of an oral contract are (1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach, and (4) the plaintiff's damages as a result of the breach." *Porter-Garcia v. Travis Law Firm, P.C.*, 564 S.W.3d 75, 87 (Tex. App. – Houston [1st Dist.] 2018, pet. denied). Because

this is a contract for goods, chapter two of the Texas Business and Commerce Code applies. *See* TEX. BUS. & COM. CODE § 2.102.

Damages under breach of contract "are only permitted ... when the seller has failed to deliver the goods, the buyer has rejected the goods, or the buyer has revoked his acceptance." *Crown Distrib. LLC v. Ice Suppz, LLC*, No. 3:21-cv-1052-B, 2022 WL 1524119 at *4 (N.D. Tex. May 13, 2022) (quoting *Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 906 (5th Cir. 2016)). Where the buyer rightfully rejects the goods and if the breach goes to the whole contract, the buyer may cancel the contract and recover as much of the price as has been paid. *See* TEX. BUS. & COM. CODE § 2.711(a).

Crown claims that it had an "oral contract with Defendant CWE for brokerage services for the purchase of hemp plant material, subject to the quality parameters dictated by Crown." Dkt. No. 51 at 9. Crown performed under the contract by wiring the $105,000 payment to Peacefull Choice. *See* Dkt. No. 51 at 6. CWE breached the contract when it failed to supply hemp plant material of the quality specified by Crown and Crown rejected the hemp it was supplied. *See id* at 7. Crown asserts damages of $105,000, the amount it paid, which goes to the whole contract, not to an installment. *See id.* at 8.

The undersigned takes as true these facts as asserted by Crown against CWE, who is in default. *See Escalante*, 34 F.4th at 492. These facts meet the elements for a breach of contract. And so the allegations raise a right to belief above the speculative level. *See Twombly*, 550 U.S. at 555.

This count supports a finding of default judgment.

-9-

### B. Fraud against CWE and Island

The count for fraud against CWE and Island does not support a finding of default judgment. To state a claim for fraud under Texas law, "a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (cleaned up).

The United States Court of Appeals for the Fifth Circuit has further explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth *specific facts* supporting an inference of

fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (cleaned up; emphasis in original).

> Crown asserts that
>
> Defendant CWE's false representations include the following: that it was a brokerage firm capable of brokering the transaction and providing the hemp plant material Crown desired; that it had sourced and located material of the quality Crown desired; that Defendant Peacefull Choice was the farm from which the materials would be purchased; that, upon learning the initially provided material was unacceptable, rejected, and returned by Crown, it would rectify the issue; and that it could procure the desired material and provide substitute conforming goods.
>
> Defendant Island Consulting's false representations include the following: that it would provide the desired material; that, after CWE relayed that Crown had rejected and returned the initial, nonconforming material, Island Consulting had or could provide conforming substitute goods; and that Island Consulting retained Crown's funds and would not return them due to a purported "no return policy."

Dkt. No. 51 at 9-10.

Crown also declares that "Defendants knew such representations were false at the time they were made, and intentionally made such false representations of material fact or made them recklessly and allowed Crown to rely on them." *Id.*

Beyond this bare assertion, Crown provides no information about CWE or Island's fraudulent intent. It sets forth no specific facts supporting an inference of fraud. *See* Dorsey, 540 F.3d at 339. "Where, as here, the allegedly fraudulent representation involves a defendant's promise of future performance, mere breach of contract or failure to perform is not, standing alone, evidence of fraud." *Porter-Garcia*, 564 S.W.3d at 89. A listing of promises that were not kept during this transaction is not enough to support an inference of fraud.

And so Crown does not meet Rule 9(b)'s heightened pleading standard.

This count does not support a finding of default judgment.

### C. Negligence and Negligent Misrepresentation against CWE

The counts for negligence and negligent misrepresentation against CWE do not support a finding of default judgment.

To succeed on a negligence claim, the plaintiff must show (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *See Lane v. Halliburton,* 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto,* 288 S.W.3d 401, 404 (Tex. 2009).

To succeed on a negligent misrepresentation claim, the plaintiff must show that "(1) the representation [was] made by a defendant in the course of his business, or in a transaction in which he [had] a pecuniary interest; (2) the defendant supplie[d] 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffer[ed] pecuniary loss by justifiably relying on the representation." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (quoting *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). The false information must be a statement of existing fact; a promise of future action or inaction cannot provide the basis for a negligent misrepresentation claim. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012).

-12-

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). And so tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

But tort damages are recoverable if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." 711 S.W.2d 617, 618 (Tex. 1986); *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney*, 809 S.W.2d at 494-95. The burden is on the plaintiff to establish evidence of an independent injury. *See A-1 Am. Fence, Inc.*

*v. Wells Fargo Bank, N.A.*, No. 1:20-CV-441, 2021 WL 7184973 at *5 (E.D. Tex. May 5, 2021).

Crown had a contract with CWE. The duty that Crown claims CWE breached was its "duty of care to Crown in sourcing and procuring the desired hemp material." Dkt. No. 51 at 11. Assuming this duty existed, it would have been created by contract, not imposed by law. The injury that Crown claims is "Plaintiff's actual damages of the loss of $105,000.00." *Id.* This injury is the economic loss to Crown. These claims for negligence and negligent misrepresentation are breach of contract claims repackaged as tort claims. *See Stanley Indus. of S. Fla.*, 2006 WL 2432309, at *5. The action sounds in contract alone. *See Jim Walter Homes, Inc.*, 711 S.W.2d at 618.

And so these counts do not support a finding of default judgment.

### D. Negligent Misrepresentation against Island

The negligent misrepresentation claim against Island does not support a finding of default judgment. As explained above, the misrepresentation must be a statement of existing fact; a promise of future action or inaction cannot provide the basis for a negligent misrepresentation claim. *See De Franceschi*, 477 F. App'x at 205.

Crown asserts that

Defendant Island Consulting's false representations include the following: that, upon receipt of payment of $50,000 of Crown's funds made by Defendant Peacefull Choice to Island Consulting, it would provide the desired material; that, after CWE relayed that Crown had rejected and returned the initial, nonconforming material, Island Consulting had or could provide conforming substitute goods; that Island Consulting retained Crown's funds and would not return them due to some purported "no return policy"; and that Island Consulting desired resolving the matter as quickly as possible.

-14-

Dkt. No. 51 at 12.

These alleged misrepresentations are all promises that Island failed to keep. They are not statements of existing fact. And so they cannot provide the basis for a negligent misrepresentation claim.

Further, Crown does not point to any pecuniary loss it suffered as a result of relying on Island's alleged misrepresentations. Crown's claim does not meet the elements of negligent misrepresentation.

And so this claim does not support a finding of default judgment.

### E. Unjust Enrichment against CWE

Crown's unjust enrichment claim against CWE does not support a finding of default judgment. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Elias v. Pilo*, 781 Fed. Appx. 336, 338 (5th Cir. 2019) (cleaned up).

"The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N. R.R. Co. v. Sw. Elec. Power Co.,* 925 S.W.2d 92, 97 (Tex. App. – Texarkana 1996), *aff'd,* 466 S.W.2d 467 (Tex.1998). "When a defendant has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon the defendant to restore the benefits to the plaintiff." *Id.* Because a claim for unjust enrichment is "based on quasi-contract," it is "unavailable when a valid, express contract governing the

subject matter of the dispute exists." *Id.*; *see also R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 704 (Tex. App. – Waco 2008, pet. denied) (finding that an oral contract barred recovery on an unjust enrichment claim).

Here, as explained above, the facts as alleged by Crown support the finding of an express contract. And so the equitable remedy of unjust enrichment is not available to Crown against CWE.

This claim does not support a finding of default judgment.

### F.  Unjust Enrichment against Island

Crown's unjust enrichment claim against Island does not support a finding of default judgment. Courts in the Northern District of Texas have consistently held that unjust enrichment is not an independent cause of action. *See e.g.*, *Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 716, 725 (N.D. Tex. 2011) ("Several courts have held that unjust enrichment is not a separate and a distinct cause of action"); *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560-61 (N.D. Tex. 2009) (finding that the plaintiff could not maintain a claim for unjust enrichment because it was not an independent cause of action); *Wood v. Gateway, Inc.*, No..5:03-cv-7-C, 2003 WL 23109832, at *12 (N.D. Tex. Dec. 12, 2003) (finding that because "Gateway did not plead a cause of action for restitution, breach of implied contract and money had and received, fraud, duress, or the taking of undue advantage," its unjust enrichment "'cause of action'" was improper).

None of Crown's claims against Island have supported a finding of default judgment. There is no independent cause of action to support Crown's unjust

enrichment theory of recovery. And so Crown's unjust enrichment claim against Island cannot survive.

This claim does not support a finding of default judgment.

### G. Texas Deceptive Trade Practices Act against CWE

Crown's Deceptive Trade Practices Act ("DTPA") claim against CWE does not support a finding of default judgment. The elements of a DTPA claim are that "(1) the plaintiff was a consumer; (2) the defendant either engaged in false, misleading, or deceptive acts [listed in the DTPA's "laundry list" of acts at Texas Business & Commerce Code § 17.46(b)] … or engaged in an unconscionable action or course of action; and (3) the [DTPA's] laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury." *Huynh v. Walmart Inc.*, 30 F.4th 448, 453 (5th Cir. 2022) (quoting *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 236 (Tex. App. – El Paso 2012, pet. denied)). A consumer is an individual or an entity "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4).

Crown asserts that CWE committed violations of DTPA under Texas Business & Commerce Code §§ 17.46(b)(5) and (7), which prohibit "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not" and "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." TEX. BUS. & COM. CODE §§

-17-

17.46(b)(5) and (7). Crown also asserts that "[t]he false and deceptive representations made by Defendants … were done knowingly and intentionally." Dkt. No. 51 at 15.

"Under the DTPA, a defendant may be held liable for deceptive trade practices even if the defendant did not know that the representations were false or did not intend to deceive anyone." *Sergeant Oil & Gas Co., Inc. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1362 (S.D. Tex. 1994). But, if alleging intentionally deceptive actions, "claims made under the DTPA for misrepresentation are subject to the heightened pleading requirements of Rule 9(b)." *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 479 (E.D. Tex. 2021) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

As explained above, Crown's claims do not meet Rule 9(b)'s heightened pleading requirements.

And so this claim as plead does not successfully allege a violation of the DTPA and does not support a finding of default judgment.

## IV. Consideration of other factors support default judgment on Crown's breach of contract claim against CWE.

Although default judgment is a harsh remedy, CWE's failure to answer Crown's complaint supports default judgment on its breach of contract claim. There has not been substantial prejudice against CWE. There are clearly established grounds for default: CWE failed to answer Crown's complaint. There is no indication that CWE's default was caused by good faith mistake or excusable neglect. And so

the court would not feel obligated to set aside a default on CWE's motion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## V.  The Court should award Crown damages, attorneys' fees, and costs.

### A. Damages

The allegations in Crown's breach of contract claim, taken as true, entitle it to damages for breach of contract.

Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979). But, when the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial to the court, a hearing is unnecessary. *See Leedo Cabinetry,* 157 F.3d at 414; *see also James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James,* 6 F.3d at 311 (internal citations omitted).

Here, Crown asserts "actual damages in the amount of $105,000.00" in its complaint, which the court accepts as true. Dkt. No 51 at 8. This is the amount Crown remitted to Peacefull Choice and did not receive goods in exchange for. The damages set forth can be computed with certainty by reference to the pleadings. And so the Court need not conduct a hearing to enter a default judgment and determine the amount of damages under Rule 55(b)(2).

-19-

The Court should determine that Crown is entitled to damages in the amount of $105,000.00.

### B. Attorneys' Fees

Crown seeks reasonable attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(b)(8), which allows recovery of attorneys' fees if the claim is for an oral or written contract. Crown requests an award of $8,000.00 for reasonable attorneys' fees.

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. Of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith v. Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id*. The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia*

*Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)].” *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

The requested attorneys' fee award is supported by the sworn Declaration of David D. Ritter, one of the attorneys representing Crown. *See* Dkt. No. 66, Ex. B. The declaration is supported by time entries from the firm's billing system, except for the time spent preparing the declaration, which Ritter estimated to be three hours. *See id.* In total, Crown seeks attorneys' fees for 43.6 hours of work done by David D. Ritter, Chelsie Spencer, and Paul Stevenson. The requested hourly billing rate for Ritter is $350.00, for Spencer is $375.00, and for Stevenson is $250.00. Ritter worked for 14.3 hours on the matter, Spencer for 5.8, and Stevenson for 23.5. Including the work for the declaration, Ritter, Spencer, and Stevenson would have billed the clients $8,085.63. *See id.* at 50.

Ritter declares that he has been a practicing attorney for over 26 years. *See* Dkt. No. 66 at 34. He declares that he is familiar with the reasonable attorneys' fees charged to clients in cases like this one in the United States District Court for the Northern District of Texas. *See id.* In his opinion, the requested hourly billing rates are customary and reasonable for similar work in the United States District Court for the Northern District of Texas. *See id.* at 35. The undersigned finds the requested hourly billing rates to be reasonable given Dallas area market rates for attorneys with similar experience. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-

cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The time entries generally reflect the work performed by each attorney with a narrative description of the work done, the number of hours that it took to complete the work, and a sometimes discounted price that was billed to the clients. The undersigned takes these discounts to be evidence of billing judgment. The undersigned will calculate the number of hours actually billed to the client by dividing the total discounted amount billed by one attorney to the client by the requested hourly billing rate of that attorney and use that number to calculate the lodestar.

Ritter billed $4,495.63 to the client – this number includes the three hours at $350.00 per hour for preparing the declaration that were not reflected in the time entries – at $350.00 per hour, which reflects that about 12.8 of the 14.3 hours that he worked were billed to the client.

Spencer billed about $727.50 to the client at $375.00 per hour, which reflects that about 1.9 of the 5.8 hours she worked were billed to the client.

Stevenson billed $2,862.50 to the client at $250.00 per hour, which reflects that about 11.4 of the 23.5 hours he worked were billed to the client.

Therefore, the $8,085.63 billed to the client in total reflects about 26.1 hours of work billed to the client after billing judgment.

Multiplying the respective hours of work by each attorney's respective hourly rate and summing those products gives a lodestar of $8,085.63. The undersigned has

considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar. But Crown only seeks $8,000.00, which is what the Court should award in fees.

### C. Costs

Plaintiff also seeks recovery of $125.00 for costs – $100.00 for 25% of the initial filing fee and $25.00 for "legal research applicable to" CWE. Dkt. No. 66 at 36.

28 U.S.C. § 1920 provides an enumerated list of items that a court may tax as costs including: fees of the clerk; fees of the court reporter; fees for printing and witnesses; fees for copies necessary for use in the case; docket fees; and compensation for court appointed experts. *See* 28 U.S.C. § 1920. The United States Supreme Court has ruled that, where an expense is not enumerated in Section 1920, it may be awarded only when explicit statutory authorization to do so can be found in other governing law. *See Mota v. The Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J. T. Gibbons Inc.*, 482 U.S. 437, 444-45 (1987)). And the Supreme Court has held that the term "costs" as used in Federal Rule of Civil Procedure 54(d) is defined by Section 1920. *See Crawford Fitting*, 482 U.S. at 441-42.

Costs for legal research are not included in this enumerated list. Crown provides no additional statutory authorization for recovery of costs for legal research.

Crown may recover $100.00 in costs incurred for the filing fee but may not recover costs incurred for legal research.

## Recommendation

The Court should grant default judgment as to Plaintiff's breach of contract claim against Defendant CWE and deny default judgment as to the rest of Plaintiff's claims against Defendant CWE and Defendant Island. The court should award Plaintiff $105,000.00 for actual damages, $8,000.00 for attorneys' fees, and $100.00 for costs, for a total award of $113,100.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE