IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CROWN DISTRIBUTING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| PEACEFULL CHOICE | § | No. 3:20-cv-3404-K |
| DISTRIBUTION LLC, TERRY | § | |
| VICKERY, CANNA-WEALTH | § | |
| ELEVATION LLC, and ISLAND | § | |
| CONSULTING INC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Crown Distributing LLC ("Crown") filed a motion for final default judgment against Peacefull Choice Distribution LLC ("Peacefull"). *See* Dkt. No. 144. United States District Judge Ed Kinkeade has referred this motion to the undersigned magistrate judge. *See* Dkt. No. 158.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court deny Crown's motion for default judgment.

**Background**

This case concerns Crown's attempt to purchase hemp from the defendants. *See* Dkt. No. 51 at 3-4. Crown had an oral contract with Canna-Wealth Elevation ("CWE") to procure hemp. *See id.* at 6. CWE represented to Crown that it could source and provide hemp of the quality Crown specified. *See id.* at 3. CWE represented that Peacefull Choice Distribution LLC would be the supplier of the hemp. *See id.* at 6.

-1-

Mr. Vickery, speaking on behalf of Peacefull Choice, represented that Peacefull Choice was the farmer of the hemp. *See id.* at 7. Crown performed under the oral contract by paying $105,000.00 to Peacefull Choice for the hemp. *See id.*

Peacefull Choice was not the true supplier of the hemp. *See id.* Peacefull Choice paid another company, Island Consulting Inc., $50,000.00 to supply hemp for this transaction. *See id.* Peacefull Choice also paid $25,000.00 to CWE. *See id.* at 7.

When the hemp arrived at Crown's facilities, it was of inferior quality to that which Crown specified to CWE. *See id.* Crown rejected the goods. *See id.* Crown traveled to Montana to see the source of the hemp, where it learned Island Consulting was the actual farmer of the hemp. *See id.* at 8.

Despite attempts to resolve the matter and supply Crown with hemp of appropriate quality, Crown never received hemp that complied with its specifications. *See id.* at 7. Eventually, Crown demanded return of its funds, which each Defendant refused. *See id.* at 8.

Crown filed suit against Peacefull Choice, Terry Vickery, CWE, and Island ("Defendants") on November 13, 2020. Dkt. No. 1. Peacefull waived service on January 15, 2021. *See* Dkt. No. 11.

Crown filed its Third Amended Complaint – titled and hereafter referred to as Second Amended Complaint – on December 2, 2021. *See* Dkt. No. 51. This Court entered default judgment against CWE on Crown's breach of contract claim but denied default judgment on the rest of Crown's claims against CWE and Crown's claims against Island Consulting. *See* Dkt. No. 132.

Peacefull Choice was originally represented by counsel, but they withdrew. *See* Dkt. No. 127. The Court ordered Peacefull Choice to secure replacement counsel, but it did not comply. *See id.*; Dkt. No. 133. The Court struck Peacefull's answer to Crown's complaint. *See* Dkt. No. 133.

Crown filed this motion for default judgment against Peacefull on March 24, 2023. *See* Dkt. No. 144. The Clerk of Court made an entry of default as to Peacefull on April 26, 2023. *See* Dkt. No. 157.

## Legal Standard

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a

default judgment by the district court. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers,* 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable

neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

**Analysis**

I. <u>The Court has subject matter jurisdiction and personal jurisdiction.</u>

Crown has shown there is jurisdiction over the parties. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees. Crown is a limited liability company whose sole member is a citizen of Texas.

Peaceful Choice is a limited liability company whose members are Terry Vickery, Gabriela Vergara, and Michael Abrams. Crown alleges that each member is a citizen of Colorado, establishing compete diversity as required for diversity jurisdiction. Plaintiff alleges damages of at least $105,000, meeting the amount in controversy requirement.

This Court has personal jurisdiction over Peacefull Choice. "[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

After Crown contracted with CWE, Vickery and Peacefull Choice sent the nonconforming hemp to Crown in Texas and received payment for that hemp. This suit arises out of that contact with Texas.

II. <u>The procedural requirements for default judgment have been met.</u>

Crown has satisfied the prerequisites for entry of default of judgment against Peacefull. Peacefull waived service on January 15, 2021. *See* Dkt. No. 11.

Peacefull appeared in the action through counsel on March 15, 2021. After Peacefull's counsel withdrew for good cause, the Court ordered Peacefull to obtain replacement counsel by February 13, 2023, and struck Peacefull's answer to Crown's second amended complaint from the record. *See* Dkt. No. 133. Peacefull failed to retain replacement counsel by the deadline, and the Clerk of Court made an entry of

default as to Peacefull on April 26, 2023. *See* Dkt. No. 157. Peacefull is not a natural person, and so cannot be a minor, incompetent person, or in military service. The Clerk of Court provided notice of entry of default to Gabriela Vergara through certified mail and first-class mail, but the mail was not deliverable as addressed and was not remailed. *See* Dkt. Nos. 133 and 150.

In compliance with the Court's order, Crown filed this motion for final default judgment on March 24, 2023. *See* Dkt. Nos. 133 and 144. Crown certified in the motion that it served Peacefull Choice through email to Gabriela Vergara and mail to Peacefull Choice at the same address that was previously undeliverable. *See* Dkt. No. 144 at 9.

III. <u>Crown's pleadings do not support default judgment.</u>

The Court takes as true the facts asserted by a plaintiff against a defaulting defendant. See *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). The defendant, by its default, admits the plaintiff's well-pleaded allegations of fact. *See id.*

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

"Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P.

(8)(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up)). The pleading must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" but have "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 638 (2009) (quoting *Twombly*, 550 U.S. at 547).

Crown alleges claims against Peacefull for fraud, negligent misrepresentation, unjust enrichment, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). *See* Dkt. No. 51.

The undersigned will address each claim in turn to determine if Peacefull's alleged liability for each claim has a sufficient basis in the pleadings.

A. Fraud

The alleged cause of action for fraud against Peacefull Choice does not support a finding of default judgment. To state a claim for fraud under Texas law, "a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (cleaned up).

The United States Court of Appeals for the Fifth Circuit has further explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth specific facts supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (cleaned up).

> Crown asserts that
>
> Defendant Peacefull Choice's false representations include the following: that it was the farmer/supplier of the material Crown desired, had sampled and approved; that, upon payment of $105,000.00 made directly by Crown to Peacefull Choice, it would provide the desired material; that it was the farmer of the product purchased; and that, after CWE relayed that Crown had rejected and returned the initial, nonconforming material, it would provide acceptable replacement plant material, which Peacefull Choice never performed.

Dkt. No. 51 at 11.

As the Court previously stated in this case, "'[w]here, as here, the allegedly fraudulent representation involves a defendant's promise of future performance, mere breach of contract or failure to perform is not, standing alone, evidence of fraud.' [*Porter-Garcia* v. Travis Law Firm, P.C., 564 S.W.3d 75, 89 (Tex. App. – Houston [1st Dist.] 2018, pet. denied).] A listing of promises that were not kept during this transaction is not enough to support an inference of fraud." *Crown Distrib. LLC v. Peacefull Choice Distrib. LLC*, No. 3:20-cv-3404-K, 2023 WL 1997927, at *5 (N.D. Tex. Jan. 27, 2023), *rep. & rec. adopted*, 2023 WL 1997785 (N.D. Tex. Feb. 14, 2023). The Court also found that Crown's claim for fraud against CWE was insufficient based on Crown's assertion that CWE falsely represented Peacefull Choice grew the hemp. *See id.*

And so, the only potential claim for fraud Crown asserts is that Peacefull Choice itself stated "it was the farmer/supplier of the material Crown desired, had sampled and approved" and it was the farmer of the "product purchased" as the rest of claims are for future performance. *See* Dkt. No. 51 at 11.

In the facts of the complaint, Crown states:

On or about December 11, 2019, Mr. Vickery sent an email to Crown containing various attachments, such as a grower's license, a certificate of analysis, a safety license, a surety bond, and processor licenses for "Island Hemp." Mr. Vickery also provided Crown with a chain of custody form indicating that Peacefull Choice was indeed the source of the purchased hemp material. In reliance on the sample previously received and said documents, Crown continued with the transactions for the hemp material.
…
On a conference call pertaining to the nonconforming goods between Crown, CWE, and Peacefull Choice, Peacefull Choice, acting through Mr. Vickery, fraudulently misrepresented itself as the supplier of the hemp plant material.
…

> Defendant CWE further noted that "'Terry [Vickery] represented himself as the salesman for the farmer coop.'"

Dkt. No. 51 at 7-9.

Crown further alleges that, on a trip to Montana, Crown learned that Island Consulting was the farmer of the hemp, not Peacefull Choice, but continued their contract on the assurance Peacefull could deliver performing goods. *See id.* at 8.

The issue is whether these facts can support the heightened pleading standard required for a fraud claim.

The facts of the email, taken as true, properly allege the who, when, what, where, and how of the material misrepresentation as required for fraud. Mr. Vickery sending an email with a certificate that stated Peacefull Choice was the source of the purchased hemp material, when it was not in reality, supports an inference of fraud. By sending the email, the Court can infer an intent that Crown rely on the information in the email. Crown states that it relied on the information in the email, continuing the transactions in hopes of receiving conforming goods.

But, even if the facts meet the heightened pleading standard for alleging the elements of (1) material misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, and (4) actual and justifiable reliance, the allegations still do not support default judgment on the fraud claim because Crown has not alleged any injury from the misrepresentation.

While Crown relied on the misrepresentation, it continued engaging in business with Peacefull Choice after learning it was not the provider of hemp during the Montana trip in the hopes of receiving conforming goods. *See* Dkt. No. 51 at 8.

And, so, the only injury Crown has alleged is that it did not receive conforming goods under the contract.

But this injury sounds in the breach of contract with CWE, not the fraudulent, misrepresentations by Peacefull Choice. As the Texas Supreme Court has affirmed, when the loss is the "subject matter of the contract," it is not recoverable in tort. *Wansey v. Hole*, 379 S.W.3d 246 (Tex. 2012); *accord Sterling Chem. Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App. – Houston [1st Dist.] 2007, pet. denied) ("Simply stated, under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.").

Peacefull's alleged liability for fraud does not have a sufficient basis in the pleadings.

B. Negligent Misrepresentation

To succeed on a negligent misrepresentation claim, the plaintiff must show that "(1) the representation [was] made by a defendant in the course of his business, or in a transaction in which he [had] a pecuniary interest; (2) the defendant supplie[d] 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffer[ed] pecuniary loss by justifiably relying on the representation." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (quoting *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). The false information must be a statement of existing fact; a promise of future action or inaction cannot provide the basis for a negligent

misrepresentation claim. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012). "When claims for fraud and negligent misrepresentation arise from the same factual allegations, the pleading standard under Rule 9(b) applies to each claim. *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371 (W.D. Tex. 2023) (citing *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 n.3 (5th Cir. 2010).

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). And so tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

But tort damages are recoverable if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." 711 S.W.2d 617, 618 (Tex. 1986); *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by

contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney*, 809 S.W.2d at 494-95. The burden is on the plaintiff to establish evidence of an independent injury. *See A-1 Am. Fence, Inc. v. Wells Fargo Bank, N.A.*, No. 1:20-CV-441, 2021 WL 7184973 at *5 (E.D. Tex. May 5, 2021).

Crown never alleges that there was a contract between it and Peacefull, despite paying Peacefull directly the $105,000 that Crown asserts as damages.

But the economic loss doctrine can apply when there is not privity between the parties. *See Aircraft Holding Sols., LLC v. Learjet, Inc.,* No. 3:18-CV-0823-D, 2022 WL 562760, at *8 (N.D. Tex. Feb. 23, 2022). Courts have held that the economic loss doctrine can bar recovery when a plaintiff alleges a tort claim against a subcontractor, with whom it has no contract, for economic losses caused by the contractor. *See Hou-Tex, Inc. v. Landmark Graphics,* 26 S.W.3d 103, 107 (Tex. App. – Houston [14th District] 2000, no pet.); *see also Sterling Chemicals, Inc. v. Texaco Inc.*, 259 S.W.3d 793, 800 (Tex. App. – Houston [1st District] 2007, no pet.) *(*declining to award damages because, "although [plaintiff] has pled a claim against [defendant] for negligence, [plaintiff] is actually seeking to recover for economic losses sustained by virtue of the failure of the subject of its contract with [other company] – its lost sales and profits").

The only concrete injury that Crown alleges other than costs related to the suit is the $105,000 paid to Peacefull Choice through Crown's contract with CWE.

And, so, Peacefull's alleged liability for negligent misrepresentation does not have a sufficient basis in the pleadings.

C.  Unjust Enrichment

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Elias v. Pilo*, 781 Fed. Appx. 336, 338 (5th Cir. 2019) (cleaned up).

"The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N. R.R. Co. v. Sw. Elec. Power Co.,* 925 S.W.2d 92, 97 (Tex. App. – Texarkana 1996), *aff'd,* 466 S.W.2d 467 (Tex. 1998). "When a defendant has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon the defendant to restore the benefits to the plaintiff." *Id.* Because a claim for unjust enrichment is "based on quasi-contract," it is "unavailable when a valid, express contract governing the subject matter of the dispute exists." *Id.*; *see also R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 704 (Tex. App. – Waco 2008, pet. denied) (finding that an oral contract barred recovery on an unjust enrichment claim).

Crown does not allege a contract with Peacefull Choice, but unjust enrichment claims can still be barred when "a plaintiff seeks to recover from a third party to the contract who benefitted from its performance." *ConocoPhillips Co. v. Koopmann*, 542

S.W.3d 643, 663-64 (Tex. App. – Corpus Christi–Edinburg 2016) *aff'd* 547 S.W.3d 858 (Tex. 2018).

As Crown has already recovered damages under the breach of contract claim against CWE, there is not a viable claim for unjust enrichment.

D. DTPA Violations

The elements of a DTPA claim are that "(1) the plaintiff was a consumer; (2) the defendant either engaged in false, misleading, or deceptive acts [listed in the DTPA's "laundry list" of acts at Texas Business & Commerce Code § 17.46(b)] ... or engaged in an unconscionable action or course of action; and (3) the [DTPA's] laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury." *Huynh v. Walmart Inc.*, 30 F.4th 448, 453 (5th Cir. 2022) (quoting *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 236 (Tex. App. – El Paso 2012, pet. denied)).

A consumer is an individual or an entity "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4).

Crown asserts that Peacefull Choice has violated the Texas Business & Commerce Code § 17.46(b) by "engaging in 'false, misleading, or deceptive acts or practices' including by 'representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not' and 'by representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model,

if they are of another.'" *See* Dkt. No. 144 at 7 (citing TEX. BUS. & COM. CODE § 17.46(5), (7)).

Crown asserts in its complaint that

> Defendant Peacefull Choice represented to Crown that its offered replacement materials were of the quality that Crown desired. The materials were not of the quality represented to Crown, in violation of DTPA 17.46(b)(5) and (7). No acceptable replacement material was provided by Peacefull Choice. The false and deceptive representations made by Defendants CWE and Peacefull Choice to Crown were done knowingly and intentionally. The conduct and omissions of CWE and Peacefull Choice as described herein were a producing cause of Crown's injuries and damages. Therefore, Crown is entitled to all of its damages, including punitive/exemplary damages designed to make an example of the conduct not allowed in Texas. Further, CWE and Peacefull Choice are liable to Crown for treble damages as provided by the DTPA, in addition to attorney's fees.

Dkt. No. 51 at 15-16.

"Under the DTPA, a defendant may be held liable for deceptive trade practices even if the defendant did not know that the representations were false or did not intend to deceive anyone." *Sergeant Oil & Gas Co., Inc. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1362 (S.D. Tex. 1994).

But, if alleging intentionally deceptive actions, "claims made under the DTPA for misrepresentation are subject to the heightened pleading requirements of Rule 9(b)." *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 479 (E.D. Tex. 2021) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

Crown has alleged that Peacefull Choice made its statements intentionally and so is held to Rule 9(b)'s heightened requirements.

Crown's statement that Peacefull Choice represented its materials were of the quality Crown desired does not meet Rule 9(b)'s requirements. *See* Dkt. No. 51 at 15.

But, even if Crown did sufficiently allege violations of the DTPA, the claim would be barred by the economic loss doctrine.

The only concrete damages that Crown alleges from Vickery's misrepresentations is the payment to Peacefull Choice, which this Court has already awarded under Crown's breach of contract claim against CWE.

When these are the only damages alleged, the economic loss doctrine can apply to DTPA claims. This Court has found that, when a plaintiff alleged the defendant had violated "a separate, distinct, and independent duty not to misrepresent [the defendant's] capabilities, and capacity to perform," the misrepresentations only caused the plaintiff to enter into the contract, and the losses resulted from a failure to perform said contract. *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 470 (N.D. Tex. 2015). And, so, the DTPA claim was a re-packaged contract claim that could not survive the economic loss doctrine. *See id.*

Because Crown alleges only damages from the breach of contract, the DTPA claim does not support default judgment.

## Recommendation

The Court should deny Plaintiff Crown Distributing LLC's motion for final default judgment against Peacefull Choice Distribution LLC [Dkt. No. 144].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2023

---

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE